NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued October 2, 2012
Decided October 9, 2012

## Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 11-3386 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| JACK BEAM and RENEE BEAM, *Plaintiffs-Appellants*, | |
| *v.* | |
| CAROLINE C. HUNTER, Chair of the Federal Election Commission *Defendant-Appellee*. | No. 07 C 1227 Rebecca R. Pallmeyer, *Judge*. |

## Order

In 2005 the Department of Justice launched an investigation to determine whether Fieger, Fieger, Kenney, Johnson & Giroux, P.C., was evading federal campaign-finance legislation by reimbursing lawyers who made political contributions, thus disguising the real source of the money. See 2 U.S.C. §441f. A year later the Federal Election Commission notified Jack Beam, who was of counsel to the Fieger firm, and his wife Renee that it had reason to believe that they had violated §441f in connection with their contributions to John Edwards's campaign for the presidency in 2004. See 2 U.S.C. §437g(a). Two partners at the law firm were indicted on criminal charges.

The Beams, who were not indicted and were never named in a civil suit by the Commission, filed this suit under the Right to Financial Privacy Act of 1976, 12 U.S.C. §§ 3401–22. The Beams contended that anything the FEC had learned about them must have been obtained in violation of this statute, which among other things requires spe-

cific approvals and referrals before financial information may be shared among agencies. The complaint was dismissed and amended several times. See 548 F. Supp. 2d 596 (N.D. Ill. 2008). The final amendment asserted that the Department of Justice and the FEC had violated the Act when the Department transferred some of their banking records to the Commission without a written certification "that there is reason to believe that the records are relevant to legitimate law enforcement inquiry". 12 U.S.C. §3412(a). The Beams contended that the Department had acquired many documents, including some of their records, in connection with the criminal prosecutions and then disclosed all prosecution-related records *en bloc* to the FEC.

During discovery Phillip Olaya, a staff attorney at the Commission, testified at a deposition that the Commission had some of the Beams' financial records on a compact disc provided by the Department of Justice. That was vital to the Beams' claim, for without evidence that their financial records were in the FEC's hands (and the Beams otherwise had no such evidence), the claim of an irregular transfer was without foundation. A year later, Olaya recanted his testimony. The FEC then moved for summary judgment. The Beams opposed this motion and took the position that the original deposition testimony should be credited. The district judge denied the Commission's motion and held a bench trial, after which the judge believed Olaya's recantation and concluded that the deposition testimony had been mistaken. That conclusion led to judgment for the Commission. 2010 U.S. Dist. LEXIS 104530 (N.D. Ill. Sept. 30, 2010). The Beams did not appeal the judgment.

The litigation was not over, however. The FEC sought an award of costs under 28 U.S.C. §1920 and Fed. R. Civ. P. 54(d)(1). The district court awarded the Commission $8,300.64. 2011 U.S. Dist. LEXIS 108027 (N.D. Ill. Sept. 22, 2011). The Beams have appealed from that decision.

The Beams do not contend that any item is unauthorized by §1920. They do contend, however, that the district court abused its discretion by awarding any costs at all. They acknowledge that Rule 54(d)(1) gives the prevailing party a presumptive entitlement to recover statutory costs. They maintain, however, that they rather than the Commission "really" prevailed, because this suit prompted the Commission to close its investigation without suing them for campaign-finance violations. This invocation of the "catalyst" theory disregards *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001). To "prevail" a litigant must obtain a favorable judgment. The Beams did not obtain a favorable judgment in a campaign-finance suit that was never filed; instead the Commission obtained a favorable judgment in the financial-records suit that the Beams actually filed. The Commission is the prevailing party.

The Beams also invoke the principle that an award of costs is inappropriate—at least, that a district judge may deem an award of costs inappropriate—if the prevailing side engaged in misconduct on the way to victory. See *Mother & Father v. Cassidy*, 338

F.3d 704, 708 (7th Cir. 2003). The Beams characterize Olaya's deposition testimony as misconduct. The district judge did not agree; she wrote after the bench trial that Olaya had made an honest mistake. 2010 U.S. Dist. LEXIS 104530 at *16–18. That finding is not clearly erroneous. What is more, Olaya's testimony was favorable to the Beams; without it, they had no case. Having opposed the FEC's motion for summary judgment, the Beams are poorly situated to complain that the bill of costs for a suit that goes to trial is higher than the bill of costs for a suit resolved by summary judgment. This was the Beams' suit, after all. If, as now appears, they never had a solid reason to believe that the Commission received their financial records without proper certification, they must bear responsibility for this unnecessary litigation. The award of costs, to recompense the Commission for a fraction of its actual outlays, was within the district judge's discretion.

The Beams' other arguments do not require discussion.

AFFIRMED